FILED
2008 Apr-23  PM 04:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **LINDA BLANKENSHIP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-08-S-479-NE |
| | ) | |
| **MAXIMUM EFFICIENCY SQUARED, LLC,** | ) ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Plaintiff, Linda Blankenship, filed this case against her former employer, Maximum Efficiency Squared, LLC ("MES"), asserting violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq*.[1] The case currently is before the court on the motion by MES to stay all proceedings pending arbitration.[2] Plaintiff has not opposed the motion.[3]

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. ("FAA" or "the Act"), establishes a national policy favoring arbitration of disputes. *See, e.g., Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220 (1987). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."

---

[1] Doc. no. 1 (Complaint).
[2] Doc. no. 6.
[3] *See* order entered on April 7, 2008, requiring plaintiff's response by April 21, 2008.

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983).  "[A]s with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability." *Mitsubishi Motors Corporation v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 626 (1985).

The existence of a valid contract to arbitrate is determined by state law.  *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).  There are two prerequisites for a valid arbitration contract under Alabama law:  "(1) there must be a written agreement calling for arbitration[;] and (2) the contract in which the arbitration agreement appears must relate to a transaction involving interstate commerce." *Prudential Securities v. Micro-Fab, Inc.*, 689 So. 2d 829, 832 (Ala. 1997) (citation omitted).

There undisputedly exists a written agreement calling for arbitration.  Plaintiff executed a written Employment Agreement when she commenced her employment with MES in April of 2006.  The Employment Agreement contains an arbitration clause stating, in pertinent part:

> The following arbitration agreement is intended to permit those with legitimate grievances to have them resolved in an effective manner without necessarily invoking the time and expense associated with the traditional legal system.  This arbitration agreement also is intended to help our employees and our company avoid frivolous and abusive lawsuits.

> Employee specifically acknowledges and agrees that any claim, dispute and/or controversy (including, but not limited to any claims of discrimination and harassment) that Employee may have against [MES] . . . shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act.[4]

Further, the Employment Agreement containing the arbitration clause relates to plaintiff's employment, a matter that clearly involves interstate commerce. MES presented uncontroverted evidence that it conducts business in both Alabama and Georgia, that it purchases goods and services from vendors outside of Alabama and Georgia, and, that it solicits and accepts employment applications from individuals outside the states of Alabama and Georgia.[5]

In summary, plaintiff executed a valid arbitration agreement that must be enforced in the spirit of the federal policy favoring arbitration. Defendant's motion to stay proceedings pending arbitration is due to be granted. An appropriate order will be entered contemporaneously herewith.

DONE this 23rd day of April, 2008.

_____
United States District Judge

---

[4] Doc. no. 8 (Declaration of Charles Harbaugh), Exhibit 1 (Employment Agreement), at ¶ 10.
[5] Harbaugh Declaration, at ¶¶ 3, 5-6.